**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WILLIE A. SAXBY, JR.,
        *Petitioner-Appellant,*

v.                                          No. 00-7391

FEDERAL BUREAU OF INVESTIGATION,
        *Respondent-Appellee.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Henry M. Herlong, Jr., District Judge.
(CA-00-2342-4-20BF)

Submitted: January 19, 2001

Decided: February 7, 2001

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Willie A. Saxby, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Willie A. Saxby, Jr., appeals the district court's order dismissing without prejudice his habeas corpus petition under 28 U.S.C. § 2241 (1994), in which he alleged federal officials failed to comply with the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. app. 2 (1994).

Article III(a) of the IADA provides that when a prisoner is serving a term of imprisonment in a party State, and there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, the prisoner

> shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint.

Furthermore, the prisoner's request

> shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner.

18 U.S.C. app. 2, art. III(a) (1994). The IADA further requires that the written notice and request for disposition be sent to the warden or commissioner of corrections that has custody of the prisoner and that person shall promptly forward it to the appropriate prosecuting official and court by registered or certified mail. 18 U.S.C. app. 2, art. III(b) (1994).

Saxby failed to satisfy the requirements of the IADA when he delivered notice to the United States District Court and the federal prosecutor in South Carolina regarding a detainer lodged by a federal prosecutor in Georgia. In *Fex v. Michigan*, 507 U.S. 43, 52 (1993), the Supreme Court held that "the 180-day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and the prosecuting officer of the jurisdiction that lodged the detainer against him." Thus, Saxby did not trigger the 180-day time limit because he has not shown that he requested final disposition from the federal prosecutor in Georgia, where the detainer was issued. Furthermore, Saxby has not shown that he complied with Article III(b) of the IADA and caused to be sent or delivered to the warden or commissioner of corrections in South Carolina a written notice and request complying with the IADA's requirements, including the term of his commitment, the time he already served, the time remaining on his sentence, or any of the other information required by the IADA.

Because we find Saxby did not comply with the requirements of the IADA, we find he is not entitled to relief. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*